Peck, J.,
delivered the opinion of the court:
This petition is presented under the authority of an act to extend the jurisdiction of the Court of Claims, approved May 9,1866, which in substance authorizes any disbursing officer of the United States to apply to this court for relief from accountability by reason of losses of funds, papers, &e., in his charge, and for which he is held responsible ; and upon satisfactory proof that the loss was without fault or neglect on his part, then a decree should be entered in his favor, which should entitle him to credit for the amount of loss with the proper accounting officers.
Frederick E. Prime, a major of engineers, alleges that he was a disbursing officer, as chief of engineers upon the staff of G-eneral Grant, and in that capacity had in his possession funds to the amount of $1,745 50, which, on or about the 20th of December, 1862, were captured by tlie rebel forces at Holly Springs, Mississippi, during his absence from that place on public duty. The funds were locked up in an engineer chest, in the same building where other disbursing officers kept the funds of the United States intrusted to their care. It is proved that all reasonable and proper precaution had been used by Major Prime to protect this fund. Holly Springs was captured by a raiding party of rebels under command of Generals Van Dorn and Price, under circumstances which called forth from General Grant a •severe order of censure upon the federal officers in charge of that post. See Rebellion Record, vol. 6, pp. 276, 281.
The claimant and his clerk, as also H. B. Douglas, a sergeant in *211 tbe United States service, in charge of the public property in the engineer’s office, have testified in the case substantially as follows:
The claimant testifies that he was chief engineer of General Grant’s army. His office was at Holly Springs, and he left it under orders for Memphis, on or about the 11th of December, leaving his funds in his office; that all the money left there was lost, and he has received no part of the amount. In his cross-examination he relieves himself from any suspicion as to negligence.
A. J. Halleck was clerk to claimant, in charge of his funds. The funds were in the engineer chest, locked up as securely as possible, and amounted to $1,725. Witness left the place under orders for St. Louis at the same time with Major Prime. The office, chest, &c., were left in charge of Sergeant H. B. Douglas, who was detailed for duty in the office. Witness returned to Holly Springs December 26, 1862, and found the office, desks, &e., broken open and rifled ; that the rebels had on the 20 th of that month captured and plundered the place. No part of the money left by him in the office was ever recovered.
H. B. Douglas testifies that he was a sergeant in the military service of the United States, at Holly Springs, Mississippi, and was left in charge of the public property which. Mr. Halleck had previously charge of; did not- know of any money being in the Office; that the place was captured by the rebels on the 20th of December, a party of whom broke open the office, took witness prisoner, and sent him away; in the afternoon he was paroled and permitted to return; found the desks, See., broken open and ransacked. The desk and chest, both of which had locks, had been forced open. These had been locked by Mr. Halleck when he went away, and so remained until witness was captured.
The testimony of these witnesses is uncontradicted. We think the claimant has shown that the loss was without fault or neglect on his-part, and that he is entitled to a decree which shall entitle him to a. credit with the proper accounting officers of the treasury for the sum of $1,725 so proved to have been lost. And we so direct.